UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AMANI BEAUZILE,

                Plaintiff,             **__AMENDED__ COMPLAINT AND**

                                   **JURY DEMAND**

       -against-

                                16-2820 (ILG)(JO)

THE CITY OF NEW YORK, Detective Armengol
Dieda, Shield No. 282, Undercover Officer
U/C 007, Undercover Officer U/C 041, Sergeant
Adan Munoz, Shield 1313

                Defendants.
-----------------------------------------------------------X

     The Plaintiff, AMANI BEAUZILE, by her attorney, The Rameau Law Firm,

alleges the following, upon information and belief for this Complaint:

**INTRODUCTION**

     1.    This is a civil rights action for money damages brought pursuant

to 42 U.S.C. §§§ 1981, 1983, and 1988, the Fourth and Fourteenth

Amendments of the United States Constitution, Article I Sections 6, 11, and 12

of the Constitution of the State of New York, and the common law of the State

of New York, against the police officers mentioned above in their individual

capacities, and against the City of New York.

     2.    It is alleged that the individual police officer defendants made an

unreasonable seizure of the person of plaintiff, violating her rights under the

Fourth, Eighth and Fourteenth Amendments to the United States Constitution,

and that these defendants assaulted and battered plaintiff. It is further alleged

that these violations and torts were committed as a result of policies and customs of the City of New York.

3.     Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4.     Plaintiff filed a Notice of Claim on or about October 14, 2015.

5.     Plaintiff testified at the 50-H hearing on or about April 19, 2016.

6.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

7.     This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

8.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367.  Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

9.     Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

**PARTIES**

10.    Plaintiff AMANI BEAUZILE ("plaintiff" or "Ms. Beauzile") is a resident of Queens County in the City and State of New York and of proper age to commence this lawsuit.

11.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12.    Defendant Detective Armengol Dieda, Shield No. 282, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Dieda is sued in his individual and official capacities.

13.    Defendant Dieda at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

14.    Defendant Undercover Officer U/C 007, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant U/C 007 is sued in his individual and official capacities.

15.    Defendant U/C 007 at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

16.    Defendant Undercover Officer U/C 041, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant U/C 041 is sued in his individual and official capacities.

17.     Defendant U/C 041 at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

18.     Defendant Sergeant Adan Munoz, Shield No. 1313, at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Munoz is sued in his individual and official capacities.

19.     Defendant Munoz at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

20.     At all times relevant herein, all individual defendants were acting under color of state law.

21.     The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

22.     The City was at all material times the public employer of defendant officers named herein.

23.     The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

24.     Plaintiff is an African-American female college student with no prior contact with the criminal justice system.

25.     On or about August 4, 2015, at approximately 5:00 pm, plaintiff was in the area of the St. Albans neighborhood in Queens when she came across a former classmate who offered plaintiff a ride to Jamaica Avenue.

26.      On their way to Jamaica Avenue, plaintiff's former classmate stopped his car and stepped outside to speak with an unknown individual.

27.     Plaintiff remained in the car as an officer of Caucasian decent in plain clothes approached the car and ordered plaintiff out of the car.

28.     Plaintiff complied.

29.     Once plaintiff got out of the car, two (2) male officers searched plaintiff, a young woman, and asked her whether she had anything in her buttocks.

30.     Plaintiff was horrified, became confused and replied, "No."

31.     The defendants, including, Sgt. Munoz and Det. Deida did not recover any drugs or contraband upon plaintiff's person.

32.     Despite any lack of evidence, defendants Munoz, Deida, U/C 007 and U/C 041 falsely arrested plaintiff.

33.     Defendants handcuffed plaintiff and transported plaintiff to the 125th Precinct where plaintiff spent approximately twenty six (26) hours.

34.     At the precinct, the defendant Dieda falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff committing various crimes.

35.     At no point did the defendants, including U/C 007 and U/C 041, observe plaintiff committing any crimes or offenses.

36.     Ultimately plaintiff was transported from the police precinct to Queens Central Booking where plaintiff spent additional seventeen (17) hours.

37.     All charges against plaintiff were false and later dismissed.

38.     All of the above was done in violation of state and federal law.

39.     The conduct of the defendant officers in falsely arresting plaintiff and assaulting the plaintiff directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

40.     As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

    i.  Violation of her constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person;

    ii.  Loss of her physical liberty;

41.     The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

    i.  Freedom from the unreasonable seizure of her person;

6

**FIRST CLAIM**
**False Arrest**

42.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

44.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SECOND CLAIM**
**State Law False Imprisonment and False Arrest**

45.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.    By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

47.    Plaintiff was conscious of her confinement.

48.    Plaintiff did not consent to her confinement.

49.    Plaintiff's confinement was not otherwise privileged.

50.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

51.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.


### THIRD CLAIM
### State Law Assault and Battery

52.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.   By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

54.   Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

55.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

56.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57.   The individual defendants created false evidence against Plaintiff.

58.   The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

59.   In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

8

60.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CLAIM**
**Negligent Hiring/Training/Retention/Supervision Of**
**Employment Services**

61.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

63.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

64.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

65.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

66.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Intentional Infliction of Emotional Distress

67.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68.    By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

69.    The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

70.    Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

71.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Infliction of Emotional Distress

72.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

73.    By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

74.    The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

75.    Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

76.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH  CLAIM
### Failure To Intervene

77.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

78.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an

opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

79.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

80.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff requests that this Court:

(a)    Award compensatory damages against the defendants, jointly and severally;

(b)    Award punitive damages against the individual defendants, jointly and severally;

(c)    Award costs of this action to the plaintiff;

(d)    Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e)    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial.

DATED:     February 9, 2017

             Brooklyn, New York


                                        _____
                                        Amy Rameau, Esq.

                                        The Rameau Law Firm
                                        16 Court Street, Suite 2504
                                        Brooklyn, New York 11241
                                        Phone: (718) 852-4759
                                        rameaulawny@gmail.com

                                        *Attorney for Plaintiff*


TO:        All  Defendants
           Corporation Counsel  of the  City of New York